UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Robert Begordis,

    Petitioner,

vs.         REPORT AND RECOMMENDATION

Commissioner of Corrections
Joan Fabian,

    Respondent.    Civ. No. 05-1678 (ADM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. <u>Introduction</u>

  This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petitioner's Application for Habeas Corpus relief, under Title 28 U.S.C. §2254, see <u>Docket No. 1</u>. For the reasons which follow, we recommend that the Petition for Writ of Habeas Corpus be summarily dismissed, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States

District Courts.[1]

## II. Factual and Procedural Background

In November of 2002, the Petitioner was convicted in the Minnesota State District Court for Dakota County on State criminal charges of criminal sexual conduct. The Petitioner was sentenced to eighty-six (86) months in State prison, and he is currently serving his sentence at the Minnesota Correctional Facility, in Stillwater, Minnesota.

Following his conviction, the Petitioner filed a direct appeal, in which he argued that: (1) the prosecution should have been required to divulge certain potentially exculpatory evidence; (2) the prosecution should not have been permitted to present certain impeachment evidence to the Jury; and (3) there was insufficient evidence to support the conviction. The Minnesota Court of Appeals rejected all three of the Petitioner's claims on their merits, and affirmed his conviction. State v. Begordis, 2004 WL 1326083 (Minn.App., June 15, 2004), rev. denied (Minn., August 25, 2004). The Minnesota Supreme Court denied the Petitioner's application for further review, and thereafter, the United States Supreme Court denied his application for a Writ of

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Certiorari, Begordis v. Minnesota, --- U.S. ---, 125 S.Ct. 1081 (Jan. 24, 2005)), as well as his subsequent request for a rehearing, Begordis v. Minnesota, --- U.S. ---, 125 S.Ct. 1658 (Mar. 21, 2005).

The Petitioner's current Federal Habeas Corpus Petition lists four grounds for relief -- the three claims that he previously presented to the Minnesota Court of Appeals in his direct appeal, plus a new claim of ineffective assistance of appellate counsel. Since the Petitioner's new ineffective assistance of counsel claim has not been presented to the State Courts, his Federal Habeas Corpus Petition cannot be entertained at this time. Accordingly, we recommend that this action be summarily dismissed, but without prejudice, due to the Petitioner's failure to exhaust his State Court remedies for all of his current claims.

## III. Discussion

It is well-established that a Federal Court will not entertain a Petition for a Writ of Habeas Corpus on behalf of a State prisoner unless the prisoner has first exhausted all available State Court remedies. See, Title 28 U.S.C. §2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion of State remedies requirement is based on principles of comity and federalism, as its purpose is to ensure that State Courts are given the first opportunity

to correct alleged Federal constitutional errors raised by State prisoners. O'Sullivan v. Boerckel, supra at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Rose v. Lundy, supra at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

In order to exhaust his State Court remedies, a prisoner must fairly present his constitutional claims to the highest available State Court before seeking relief in Federal Court. O'Sullivan v. Boerckel, supra at 845; Duncan v. Henry, supra at 365-66; see also, McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997)("[B]efore we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court."). Furthermore, a Habeas Petitioner must exhaust his State Court remedies with respect to **all** of the claims that he wishes to raise in a Federal Habeas Corpus Petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion. Rose v. Lundy, supra at 510, 522.

Here, the fourth ground for relief listed in the Petitioner's Habeas Corpus Petition, i.e., his claim of ineffective assistance of appellate counsel, was not raised in his direct appeal, or in any other State Court proceeding. Since the Petitioner has not given the State Courts an opportunity to address that claim, he has not satisfied the

exhaustion of State Court remedies requirement with regard to that claim.[2]  In short, the Petitioner has filed a mixed Petition.

Furthermore, there appears to be a State Court remedy that might still be available for the Petitioner's unexhausted ineffective assistance of counsel claim -- namely, a Motion for Post-Conviction Relief brought under Minnesota Statutes Section 590.01.  See Garasha v. State, 393 N.W.2d 20, 22 (Minn. App. 1986)(where "claim of ineffective assistance of appellate counsel could not have been raised on direct appeal," prisoner was "entitled to raise it in his petition for post-conviction relief").[3]

---

[2] It appears that the Petitioner may have also failed to exhaust his State Court remedies with regard to some aspects of his first ground for relief -- i.e., his claim that the prosecution should have been required to turn over potentially exculpatory evidence.  The Petitioner contends, at page 23 of his Memorandum in Support of his Petition, Docket No. 2, that "Appellate counsel did not raise the numerous evidentiary [issues] asserted by Petitioner in this brief."  This suggests that the Petitioner is now seeking Habeas Corpus relief based on some **new** evidentiary claims that were not raised by his appellate counsel on direct appeal.  If that is so, then the Petitioner obviously has failed to exhaust his State Court remedies as to those new evidentiary claims, which would constitute an additional reason to dismiss his current Petition due to non-exhaustion.  The Petitioner will have to be mindful of **all** of his unexhausted claims, including any unexhausted aspects of his previous grounds for relief, as he decides how to proceed from here.

[3] The Petitioner should note that any claims that the State Courts refuse to consider on their merits, because of a State procedural rule, will be procedurally defaulted, and will not be reviewable in a future Federal Habeas proceeding, except upon a showing of either: 1) sufficient cause and prejudice to excuse the procedural default; or 2) proof

In sum, finding that the Petitioner has not exhausted all of his claims for relief in the State Courts of Minnesota, we recommend that his Petition be summarily dismissed, and that this action be dismissed, without prejudice to its renewal, upon an exhaustion of State Court remedies. The Petitioner may return to Federal Court -- if necessary -- after the State Courts, including the Minnesota Supreme Court, have reviewed, and decided the merits of all of the claims that he seeks to present in Federal Court, or deny his Petition for Review, in the case of the Minnesota Supreme Court. See Williams v. Groose, 77 F.3d 259, 262 (8th Cir. 1996).[4]

NOW, THEREFORE, It is –

RECOMMENDED:

1.    That the Petitioner's application for a Writ of Habeas Corpus [Docket No. 1] be denied.

---

of actual innocence. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

[4] If the Petitioner pursues this option, he should bear in mind that he will not satisfy the exhaustion requirement unless he also pursues every available avenue of appellate review, if relief is not granted by the Trial Court. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, * * * state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking **one complete round of the State's established appellate review process**.") [emphasis added].

    2.    That this action be summarily dismissed, but without prejudice.

Dated: August 11, 2005
        *s/Raymond L. Erickson*
        Raymond L. Erickson
        UNITED STATES MAGISTRATE JUDGE

## N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 26, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 26, 2005**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.